**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DR. GREGORY ALLEN,

    Plaintiff,

vs.                                              CASE NO. 3:09-cv-1158-J-34TEM

CITY OF STARKE, FLORIDA,
OFFICER DAVID SCHLOFMAN,
in his individual capacity, and
JOSEPH KISER, individually,

    Defendants.
_____

## **O R D E R**

This matter is before the Court on Defendant Joseph Kiser's ("Defendant") motions to set aside the Clerk's entry of default, entered against him on January 20, 2010 (Docs. #14 and #20; *see also* Doc. #12, Clerk's Entry of Default).[1] Plaintiff filed a response (Doc. #21), stating that he takes no position with respect to the relief sought by the instant motions. For the reasons stated herein, the motions shall be granted.

Rule 55(c), Fed. R. Civ. P., provides for an entry of default to be set aside upon a showing of good cause. The good cause standard used in setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). The Court has discretion in deciding whether to set aside

---

[1] On January 27, 2010, Plaintiff, appearing *pro se*, filed a "response" to the Clerk's entry of default, explaining the circumstances that prevented him from being able to timely respond to Plaintiff's complaint (Doc. #14). The Court construed this document as a motion to set aside the default entered by the Clerk (Doc. #19). Subsequently, after obtaining counsel, Defendant formally moved the Court to set aside the Clerk's entry of default (Doc. #20).

an entry of default.  *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).  Judgments by default are generally not favored and any doubt should be resolved in favor of permitting a hearing on the merits*.  Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 236 (M.D. Fla. 1993), *citing Rasmussen v. W.E. Hutton & Co.*, 152 F.R.D. 231, 233 (N.D. Ga. 1975), *citing McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970).[2]

In the instant case, Defendant's failure to answer or otherwise respond to Plaintiff's complaint was apparently not occasioned by any intentional action or omission.  It appears Defendant was unaware of the complaint until he received notice from the Bradford County Sheriff's Department that there was mail at the Sheriff's Office addressed to him (Doc. #20-1).  Defendant maintains that the mail forwarded to him at the Bradford County Sheriff's Office included the Clerk's entry of default against him for failure to respond to Plaintiff's complaint (Doc. #20-1).  It appears the complaint was served upon Ms. Mattie Dixon, a mentally handicapped person that resides with Defendant and his wife (Doc. #20-1).  Thus Defendant states he was unaware of Plaintiff's complaint until he received notice that a Clerk's default had been entered against him (Doc. #20-1).

Under the facts presented, the Court finds good cause to set aside the Clerk's entry of default, entered on January 20, 2010 (Doc. #12).

Accordingly, it is hereby **ORDERED**:

1.  Defendant's motions to set aside the Clerk's default (Doc. #14 and #20) are **GRANTED**.

2.  Defendant shall file an answer to the complaint by **May 28, 2010**.

---

[2]Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

**DONE AND ORDERED** at Jacksonville, Florida this  14th  day of May, 2010.

Copies to counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge